[Docket No. 18.]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| TODD C.,[1] <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Civil No. 19-15424 (RMB) <br><br><br> **MEMORANDUM ORDER** |

**RENÉE MARIE BUMB, Chief United States District Judge:**

Attorney Adrienne F. Jarvis, Esq. moves for attorney's fees under Section 406(b) of the Social Security Act, 42 U.S.C. § 406(b), based on a contingent-fee arrangement she has with social security claimant Todd C. By that agreement, Todd agreed that Jarvis would receive 25% of any past due disability benefits award the Commissioner of Social Security awarded him for representing him in his social security matter. Jarvis seeks $14,228.23 in attorney's fees from Todd's past due benefits award, which according to Jarvis, constitutes 25% of the award. [Jarvis Br. in Supp. of Mot. for Attorney's Fees 1-2 (Docket No. 19) (Counsel Br.).]

For the below reasons, the Court **GRANTS** Jarvis' fee application.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that federal courts should refer to plaintiffs in social security disability cases by only their first names and last initials given the significant privacy concerns in these matters. *See also* D.N.J. Standing Order 2021-10.

I.     BACKGROUND

By the contingent-fee agreement, Todd agreed to pay Jarvis the greater of 25% of a past due disability benefits award or an Equal Access to Justice Act award as compensation for representing him in federal court on his social security appeal. [Docket No. 19-1.] Jarvis filed a social security appeal in this Court seeking to overturn the Commissioner's denial of Todd's application for disability benefits. [Docket No. 1.] Jarvis retained the services of another attorney, Eric Schnaufer, Esq., to assist with Todd's social security appeal. [Decl. of Eric Schnaufer ¶ 5 (Schnaufer Decl.) (Docket No. 19-4).] After Jarvis filed the moving brief, the Commissioner agreed to a remand. [Docket No. 14.] This Court then vacated the Commissioner's decision and remanded for more administrative proceedings. [Docket No. 15.] Jarvis and the Commissioner then stipulated to an Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, award for $5,000 in attorney's fees. [Docket No. 16.] The Court entered the consent order awarding Todd $5,000 in attorney's fees under the EAJA. [Docket No. 17.]

On remand, the Commissioner found Todd disabled, and awarded him $56,912.92 in past due disability benefits. [Counsel Br. at 8.] The Commissioner is withholding "$14,228.23, which represents 25 percent of the past due benefits for [Todd]." [Docket No. 19-2.] Jarvis now seeks a fee award for that amount based on her contingent-fee agreement with Todd. [Docket No. 19.] Jarvis spent about 10.6 hours and Schnaufer about 15 hours working on Todd's social security appeal, totaling 25.6 hours. [Decl. of Adrienne F. Jarvis, Esq. ¶ 17 (Jarvis Decl.) (Docket No. 19-3); Schnaufer Decl. ¶ 6.] Jarvis spent her time reviewing the Appeal Council's denial of request for review, drafting pleadings, and so on. [Jarvis Decl. ¶ 17.] Schnaufer spent his time drafting the brief in support of Todd's social security appeal. [Schnaufer Decl. ¶ 6.] While neither Jarvis nor Schnaufer have a

non-contingent hourly rate for social security matters, their typical hourly rate is about $500 per hour. [Jarvis Decl. ¶ 12 ($525 per hour); Schnaufer Decl. ¶ 4 ($475 per hour).] Jarvis contends the $14,228.23 in attorney's fees is reasonable given the time counsel spent on the appeal, the risk of non-recovery, and the favorable result counsel obtained for Todd before this Court and on remand. [Counsel Br. at 6-9.] Jarvis also notes the requested fee award is in line with awards this Court has previously granted. [*Id.* at 9-10 (collecting cases).]

The Commissioner neither supports nor opposes Jarvis' motion for attorney's fees. [Commissioner Resp. to Jarvis' Mot. for Attorney's Fees 1-2 (Docket No. 21).]

## II.   DISCUSSION

The Social Security Act allows an attorney to have a contingent-fee arrangement with a social security claimant under which the attorney receives a percentage of the benefits award. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) (explaining the Act "does not displace contingent-fee agreements"). Section 406(b) of the Act provides:

> Whenever a court renders a judgment favorable to a claimant under this title who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b). "Contingent fee arrangements are 'the primary means by which fees are set for successfully representing Social Security benefits claimants in court.'" *Laurice A.H. v. Kijakazi*, 2023 WL 8237336, at *2 (D.N.J. Nov. 28, 2023) (quoting *Gisbrecht*, 535 U.S. at 807). By Section 406(b), contingent-fee arrangements providing for fees beyond 25% of past due benefits are "unenforceable." *Gisbrecht*, 535 U.S. at 807.

While Congress allows contingent-fee arrangements in the social security realm, courts must police those agreements to ensure they are reasonable. *Id.* ("§ 406(b) calls for court

review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."). In doing so, courts look to "the experience of counsel, the nature of contingent fees and the risk of non-recovery, counsel's typical hourly rate, the EAJA fee previously requested, and whether the attorney is responsible for any unreasonable delays in the proceeding." *Leak v. Comm'r of Soc. Sec.*, 2017 WL 5513191, at *1 (D.N.J. Nov. 17, 2017). "Courts should [also] consider the nature and length of the professional relationship with the claimant—including any representation at the agency level[.]" *Fields v. Kijakazi*, 24 F.4th 845, 855 (2d Cir. 2022). "While § 406(b) fees compensate counsel for court-related work, consideration of 'the time spent and work performed by counsel on the case when it was pending at the agency level' can inform a district court's understanding of 'the overall complexity of the case, the lawyering skills necessary to handle it effectively, the risks involved, and the significance of the result achieved in district court.'" *Id.* (quoting *Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005)). And courts must never forget "'the primacy of lawful attorney-client fee agreements.'" *Acosta v. Comm'r of Soc. Sec.*, 2022 WL 1598947, at *1 (3d Cir. May 20, 2022) (quoting *Gisbrecht*, 535 U.S. at 793).

Courts can reduce "an attorney's recovery based on the character of the representation and the results the representative achieved," or "[i]f the attorney is responsible for delay." *Gisbrecht*, 535 U.S. at 808. Courts will also reduce a fee award when "the benefits are large in comparison to the amount of time counsel spent on the case." *Id.* Said another way, courts will reduce a fee award to prevent windfalls to attorneys. *Id.* In evaluating fee applications, courts have struggled to determine what constitutes a windfall to attorneys. *See generally Arnold v. O'Malley*, 106 F.4th 595, 600-01 (7th Cir. 2024); *accord Fields*, 24 F.4th at 853-54. The windfall analysis is not "a way of reintroducing the lodestar method" to determine

4

whether a fee under § 406(b) is reasonable. *Fields*, 24 F.4th at 854. Because "even a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." *Id.* Finally, if the attorney has received a fee award under the EAJA, the attorney must refund that award to the social security claimant. *Gisbrecht*, 535 U.S. at 796 ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" (alteration in original, citation omitted))).

Against that backdrop, the Court turns to Jarvis' fee application. The Court first considers her "experience" as "counsel." *Leak*, 2017 WL 5513191, at *1. Jarvis has substantial experience handling social security matters. [Jarvis Decl. ¶¶ 4-6.] She has represented thousands of social security claimants at the agency level and in federal courts. [*Id.* ¶¶ 6-7.] Schnaufer also has substantial experience litigating social security matters. [Schnaufer Decl. ¶ 2.]

Next, the Court considers counsel's hourly rate and the nature of contingent fees sought. *Leak*, 2017 WL 5513191, at *1. Jarvis seeks $14,228.23 in attorney's fees from Todd's $56,912.92 past due disability benefits award, which constitutes 25% of the award. [Counsel Br. at 6.] Under the contingent-fee agreement, Todd agreed to pay Jarvis 25% from any past due disability benefits award as compensation for representing him in his social security appeal. [Docket No. 19-1.] Counsel spent a total of 25.6 hours on Todd's social security appeal, which computes to an hourly rate of about $560. [Counsel Br. at 8.] Courts in this District have found similar imputed hourly rates reasonable under the circumstances. *Wells v. Comm'r of Soc. Sec.*, 2024 WL 447768, at *1-2 (D.N.J. Feb. 6, 2024) (approving imputed

hourly rate of "1,056.34"); *see also Gonzalez v. Comm'r of Soc. Sec.*, 2017 WL 6513349, at *2-3 n.3 (D.N.J. Dec. 19, 2017) (approving imputed hourly rate of "992.82"); *Leak*, 2017 WL 5513191, at *1-2 (finding fee award of over $28,000 reasonable where attorney had imputed hourly rate of $745.24); *Amy P. v. Colvin*, 2024 WL 5264247, at *1 (D.N.J. Dec. 30, 2024) (finding contingent-fee award of $47,800.75 and imputed hourly rate of $531.20 per hour reasonable). This Court has reviewed the brief counsel filed on Todd's behalf seeking to overturn the Commissioner's decision denying Todd disability insurance benefits. [Docket No. 11.] Counsel made several arguments in support of Todd's appeal that ultimately convinced the Commissioner to agree to a remand. [*Id.*; *see also* Docket No. 14.] Given the circumstances of this case and the issues raised in the appeal, the Court finds the sought after contingent fee is reasonable.

Moreover, there was a high risk of non-recovery. When Todd filed this social security appeal, the Commissioner, on average, denied about 66% of social security applications for disabled workers. Soc. Sec. Admin., *Annual Statistical Report on the Social Security Disability Insurance Program, 2019*, at 155 (October 2020) ("Denied disabled claims have averaged 66 percent."). From 2009 through 2018, the Commissioner had an average final award rate for disabled workers of about 32%. *Id.* Given those figures, Todd's recovery was far from certain. Further, there is no evidence before the Court that Jarvis caused any delay to increase her fees. In fact, based on the docket, Jarvis acted swiftly for her client, achieving Todd a favorable result in this Court and before the agency on remand. And neither the Commissioner nor Todd have objected to Jarvis' fee application.

Thus, given Jarvis' background and experience, counsel's standard hourly rate, how long she spent on this matter, the issues involved in the appeal, the administrative

6

proceedings, and the risk of non-recovery, the Court finds the $14,228.23 requested fee reasonable. *See Curry v. Comm'r of Soc. Sec.*, 2023 WL 6533443, at *1-2 (D.N.J. Oct. 6, 2023) (finding $30,735.75 fee reasonable where counsel certified to working a total of 28.7 hours in federal court). Jarvis must remit the EAJA award she received to Todd. *Gisbrecht*, 535 U.S. at 796.

### III.  CONCLUSION

For the above reasons, and for other good cause shown,

**IT IS**, on this **10th** day of **January**, **2025**, hereby:

**ORDERED** that Jarvis' Motion for Attorney's Fees under Section 406(b) of the Social Security Act (Docket No. 18) is **GRANTED**; and it is further

**ORDERED** that Jarvis shall remit to Plaintiff Todd C. any amount she received in EAJA fees by this Court's previous award (Docket No. 17); and it is finally

**ORDERED** that Jarvis shall be awarded $14,228.23 in attorney's fees from Plaintiff Todd C.'s past due disability benefits award.

**s/Renée Marie Bumb**
RENÉE MARIE BUMB
Chief United States District Judge
